## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUSAN FINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| CMC MATERIALS, INC., RICHARD S. | ) | **COMPLAINT FOR VIOLATIONS OF** |
| HILL, BARBARA A. KLEIN, DAVID H. LI, | ) | **THE FEDERAL SECURITIES LAWS** |
| WILLIAM P. NOGLOWS, PAUL J. REILLY, | ) | |
| ANNE K. ROBY, SUSAN M. WHITNEY, and | ) | |
| GEOFFREY WILD, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against CMC Materials, Inc. ("CMC Materials" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Entegris, Inc. ("Entegris") will acquire the Company through Entegris' wholly owned subsidiary Yosemite Merger Sub, Inc. ("Merger Sub") ("Merger Sub") (the "Proposed Transaction").[1]

2.      On December 15, 2021, CMC Materials and Entegris jointly announced their entry

---

[1] Non-party Entegris is a Delaware corporation with its principal executive offices located at 129 Concord Road, Billerica, Massachusetts 01821.  Entegris' common stock trades on the NASDAQ Global Select Market under the ticker symbol "ENTG."   Non-party Merger Sub is a Delaware corporation and a wholly owned subsidiary of Entegris.

into an Agreement and Plan of Merger dated the preceding day (the "Merger Agreement"). That agreement provides CMC Materials stockholders will receive $133.00 in cash and 0.4506 shares of Entegris common stock for each share of Company common stock they own (the "Merger Consideration").

3.      On January 28, 2021, CMC Materials filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that CMC Materials stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of CMC Materials.

10.     Defendant CMC Materials is a Delaware corporation with its principal executive offices located at 870 North Commons Drive, Aurora, Illinois 60504.  The Company's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "CCMP."

11.     Defendant Richard S. Hill ("Hill") is and has been a director of the Company since June 2012.

12.     Defendant Barbara A. Klein ("Klein") is and has been a director of the Company since April 2008.

13.     Defendant David H. Li ("Li") has served as President, Chief Executive Officer ("CEO"), and a director of the Company since January 2015.

14.     Defendant William P. Noglows ("Noglows") has served as Chairman of the Board since 2003, and as a director of the Company at all relevant times.

15.     Defendant Paul J. Reilly ("Reilly") is and has been a director of the Company since March 2017.

16.     Defendant Anne K. Roby ("Roby") is and has been a director of the Company since June 2021.

17.     Defendant Susan M. Whitney ("Whitney") is and has been a director of the Company since April 2015.

18.     Defendant Geoffrey Wild ("Wild") is and has been a director of the Company since September 2015.

19.     Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20.     On December 15, 2021, CMC Materials and Entegris jointly announced in relevant part:

> BILLERICA, Mass. & AURORA, Ill-- Entegris, Inc. (NASDAQ: ENTG) and CMC Materials, Inc. (NASDAQ: CCMP) today announced a definitive merger agreement under which Entegris will acquire CMC Materials in a cash and stock transaction with an enterprise value of approximately $6.5 billion.
>
> ***
>
> Under the terms of the agreement, CMC Materials shareholders will receive $133.00 in cash and 0.4506 shares of Entegris common stock for each share of CMC Materials common stock they own.  The total per share consideration represents a 35% premium over CMC Materials' closing price on December 14, 2021, and a 38% premium to the 10-day volume weighted average share price.  Upon completion of the transaction, Entegris shareholders will own approximately 91% of the combined company and CMC Materials shareholders will own approximately 9%.
>
> CMC Materials is a leading supplier of advanced materials primarily for the semiconductor industry.  The addition of CMC Materials' leading CMP portfolio will broaden Entegris' solutions set, creating a comprehensive electronic materials offering.  The complementary nature of the companies' technology platforms will enable Entegris to bring to market a broader array of innovative and high-value solutions, at a faster pace.  These enhanced materials and process solutions for the most advanced manufacturing environments will help customers improve productivity, performance and total cost of ownership.
>
> Bertrand Loy, President and Chief Executive Officer of Entegris, said, "Acquiring CMC Materials will further differentiate our unit-driven platform and advance our ability to provide a broad range of process solutions for our customers, at a faster time-to-solution.  The highly complementary combined portfolio creates the industry's most comprehensive and innovative end-to-end electronic materials offering, as well as significantly expands our growing served market and content per wafer opportunity.  In addition, we believe the acquisition will allow us to unlock significant growth through enhanced innovation, scale and execution.  We also expect to utilize our significant cash flows to rapidly reduce leverage.  We are confident that as a combined organization, we will be poised to deliver significant value for our customers, colleagues and shareholders."

"We are excited to be joining forces with Entegris.  The combination provides immediate and substantial value to CMC Materials shareholders and provides meaningful participation in the long-term growth opportunities created by the transaction," said David Li, President and Chief Executive Officer of CMC Materials. "CMC Materials and Entegris share highly complementary businesses and capabilities grounded in world-class innovation and customer collaboration.  As part of Entegris' leading platform, we will maintain our strong focus on technology innovation and customer partnerships and provide expanded opportunities for our employees.  We look forward to what the combined company can accomplish."

**Compelling Strategic and Financial Benefits**

- **Highly Complementary Combined CMP Portfolio Significantly Expands Served Markets and Provides Customers with Comprehensive and Innovative Offering:** Entegris will offer a compelling value proposition to customers in the industry through a broader portfolio of solutions and enhanced operating capabilities, in the fab environment and across the supply chain.  The addition of CMC Materials' leading CMP slurries and pads will provide Entegris with a full end-to-end suite of CMP solutions, also including liquid filters (POU and bulk), post-CMP cleaning chemistries and brushes, CMP pad conditioners, particle monitors and chemical packaging products, enabling shorter development times for these solutions.  The expanded portfolio will increase Entegris' growing served markets in semiconductor applications to approximately $12 billion as well as its content per wafer opportunity, and it will increase Entegris' unit-driven revenue from 70% to approximately 80%.

- **Accelerates Innovation Capabilities through Greater R&D Scale and Expanded IP Portfolio:** As customers transition to more complex device architectures, there will be increased demand for higher-quality, higher-performing technologies, delivered to market faster.  Entegris will have greater capability to innovate and meet evolving customer demand through the deployment of proven, industry-leading commercial, operational and R&D capabilities.  In addition, Entegris' deep expertise in purification, contamination control and advanced materials will enhance CMC Materials' long-term technology advancement.

- **Meaningful Revenue Growth and EPS Accretion:** The transaction is expected to be significantly accretive to non-GAAP EPS within the first year post-closing.  Entegris expects to realize $75 million in run-rate cost synergies and $40 million in CapEx synergies within 12 to 18 months from the closing of the transaction.  In addition, Entegris expects to drive meaningful revenue synergies through co-optimized solutions, cross-selling opportunities and stronger customer response and collaboration.

- **Strong Cash Flow Generation Enables Investments in Growth and Disciplined Deleveraging:** Entegris is targeting pro forma adjusted gross leverage of approximately 4.0x at closing.  With approximately $1.1 billion in adjusted EBITDA on a pro forma LTM basis including synergies, Entegris will be well

positioned to rapidly reduce its leverage to less than 3.0x, while investing in growth opportunities and continuing its dividend policy for the benefit of Entegris and CMC Materials shareholders.  Entegris plans to suspend share repurchases until further notice.

**Additional Terms, Financing and Approvals**

The transaction is to be financed with a combination of equity issued to CMC Materials, new debt and cash on hand.  Entegris has obtained fully committed debt financing from Morgan Stanley Senior Funding, Inc.

The transaction is not subject to a financing condition.

The transaction is expected to close in the second half of 2022, subject to the satisfaction of customary closing conditions, including regulatory approvals and approval by CMC Materials shareholders.

**Advisors**

Morgan Stanley & Co. LLC is serving as exclusive financial advisor and Skadden, Arps, Slate, Meagher & From LLP is serving as legal counsel to Entegris.  Goldman Sachs & Co. LLC is serving as financial advisor to CMC Materials, and Wachtell, Lipton, Rosen & Katz is serving as legal counsel.

## The Proxy Statement Contains Material Misstatements or Omissions

21.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to CMC Materials' stockholders.  The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

22.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman");

***Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board***

23.     The Proxy Statement omits material information regarding the Company's financial

projections, including the line items underlying management's forecasts for Adjusted EBITDA and Unlevered Free Cash Flow.

24.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Goldman Sachs.

25.     The Proxy Statement describes Goldman Sachs's fairness opinion and the various underlying valuation analyses.  That description, however, omits key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding the Goldman Sachs's work.  As a result, CMC Materials stockholders cannot assess what significance to place on Goldman Sachs's fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

26.     With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the terminal year estimate of the free cash flow to be generated by CMC; (b) the individual inputs and assumptions underlying the discount rate range of 9.5% to 11.5%; (c) CMC's net cash; (d) the number of fully diluted outstanding CMC shares; and (e) the estimated terminal value for CMC.

27.     With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman Sachs, the  Proxy Statement fails to disclose: (a) the estimated next twelve months Adjusted EBITDA for CMC utilized in the analysis; (b) net debt; (c) the projected year-end fully diluted outstanding shares of CMC; (d) dividends per share; and (e) the individual inputs and assumptions underlying the discount rate of 11.50%.

28.     With respect to the *Selected Precedent Transactions Multiples Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected transactions analyzed by Goldman; (b) CMC's fiscal year 2021 adjusted EBITDA; (c) net debt; and (d) the number of fully diluted outstanding CMC shares.

29.     With respect to Goldman's *Premia Analysis*, The Proxy Statement fails to disclose: (a) the transactions observed by Goldman in the analysis; and (b) the sources thereof.

30.     The omission of this material information renders the statements in the "Certain Unaudited Prospective Financial Information." "Opinion of CMC's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.  Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other CMC Materials stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

32.     Plaintiff repeats all previous allegations as if set forth in full.

33.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

34.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement.  The Proxy

Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman Sachs.   The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

36.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

37.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

**COUNT II**

**Claims Against the Individual Defendants for Violations of
Section 20(a) of the Exchange Act**

38.     Plaintiff repeats all previous allegations as if set forth in full.

39.     The Individual Defendants acted as controlling persons of CMC Materials within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of CMC Materials, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

40.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

42.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

43.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, CMC Materials' stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including

injunctive relief, in her favor on behalf of CMC Materials, and against defendants, as follows:

        A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to CMC Materials stockholders;

        B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

        D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  February 10, 2022         **LONG LAW, LLC**

         By:   */s/ Brian D. Long*
             Brian D. Long (#4347)
             3828 Kennett Pike, Suite 208
             Wilmington, DE 19807
             Telephone: (302) 729-9100
             Email: BDLong@longlawde.com

             *Attorneys for Plaintiff*